**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Micael Yeman Mulugeta, | No. CV 12-1191-PHX-RCB (MEA) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Micael Yeman Mulugeta, who was formerly confined in the Maricopa County Fourth Avenue Jail, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On July 24, 2012, Plaintiff filed a Notice of Change of Address (Doc. 6) indicating he is no longer in custody. The Court will require Plaintiff to either pay the filing fee or show good cause why he cannot pay.

Pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Because Plaintiff brought this civil action while he was still a prisoner, he will be required to pay the full amount of the $350.00 filing fee even though he is now released. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the [Prison Litigation Reform Act], all prisoners who file [*in forma pauperis*] civil actions must pay the full amount of the filing fee.")

1       If Plaintiff were still a prisoner, the Court would order Plaintiff's custodian to
2 periodically withdraw funds from Plaintiff's inmate account according to the statutory
3 formula in 28 U.S.C. § 1915(b)(2) until the filing fee was paid in full.  However, because
4 Plaintiff is no longer in custody, and therefore does not have a prison account, he cannot
5 avail himself of the partial payment provisions of 28 U.S.C. § 1915(b)(1), (2).  The statute
6 makes no other provision for incremental collection of the fee.  Therefore, Plaintiff must now
7 pay the filing fee in full.

8       Plaintiff will be given 30 days from the date this Order is filed to either pay the
9 $350.00 filing fee or file a "Response" to this Order.  Plaintiff's Response must state the date
10 of his release and must either promise to pay the $350.00 filing fee within 120 days from the
11 date of his release **or** show good cause why he cannot pay the filing fee.  Plaintiff's Response
12 must be made under penalty of perjury.  See 28 U.S.C. § 1746 (oath requirement may be
13 satisfied when a person declares under penalty of perjury that the submission is true and
14 correct and signs and dates the document).

15       Plaintiff is advised that even after he pays the filing fee, the Court is required to screen
16 complaints brought by prisoners seeking relief against a governmental entity or an officer or
17 an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a
18 complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or
19 malicious, that fail to state a claim upon which relief may be granted, or that seek monetary
20 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

21       If Plaintiff fails to timely comply with every provision of this Order, the Court may
22 dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
23 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order
24 of the Court).

25 **IT IS ORDERED:**

26     (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted.**
27     (2)    Within **30 days** from the date this Order is filed, Plaintiff must either pay the
28 $350.00 filing fee **or** file a Response as described above.

1     (3)     If Plaintiff fails to pay the filing fee **or** file a Response to this Order within 30
2 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice.
3     DATED this 30th day of July, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

- 3 -